SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| CHARLES JOHNSON, JR.<br>9504 Hobart Street<br>Springdale, MD 20774<br>Plaintiff ,<br><br>v.<br><br>VETERANS AFFAIRS<br>MEDICAL CENTER<br>50 Irving Street, N.W.<br>Washington, DC 20422<br><br>DOES 1 – 4<br>Defendants | Civil Action No. **14-0003388**<br><br>RECEIVED<br>Civil Clerk's Office<br>JUN 02 2014<br>Superior Court of the<br>District of Columbia<br>Washington, D.C.<br><br>**COMPLAINT – TORTS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, CHARLES JOHNSON, JR., and by and through his attorney, Gladys M. Weatherspoon, and the Law Offices of Gladys M. Weatherspoon, LLC, demands damages from Defendant, VETERANS AFFAIRS MEDICAL CENTER – WASHINGTON, DC and DOES 1 - 4, and in support thereof states as follows:

### JURISDICTION

1. Plaintiff, Charles Johnson, Jr., is an adult citizen of the State of Maryland and a resident of Prince George's County.

2. The Defendant Veterans Affairs Medical Center – Washington, D.C., hereinafter – "VA Hospital" doing business in Washington, D.C. who owned and/or managed the premises known as VA Hospital.

3. There were four nurses – 3 male nurses and 1 female nurse present during the acts complained of herein, ("DOES 1-4), who were under the control of VA Hospital.

4. All of the complained of acts occurred in Washington, D.C.

5. This is a civil action for damages under the laws of the District of Columbia for assault, and battery, intentional infliction of emotional distress, invasion of privacy, false imprisonment, and negligence.

6. This lawsuit is based on Defendants' acts that caused damages to Plaintiff.

7. The amount(s) in controversy exceeds $5,000.00. Accordingly, jurisdiction is properly before this Honorable Court.

## FACTS

8. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 7 above as if more fully set forth herein at length.
9. On November 13, 2011 Plaintiff was an inpatient at the VA Hospital admitted for progressively worsening depression and neurovegetative symptoms.
10. Plaintiff has been free of illicit substance use for 18 years.
11. On November 13, 2011 the DOES 1 - 4 searched Plaintiff without probable cause.
12. Despite his excellent recovery, Plaintiff's personal effects in his hospital room and his person were searched.
13. Plaintiff's scrotum and buttock cheeks were searched in front and by Does 1-4. One of the nurses was female.
14. Solely as a result of Defendants' intentional and negligent acts, Plaintiff suffered humiliation and embarrassment.
15. Solely as a result of the injuries aforementioned, Plaintiff has incurred damages, including:
    a. Mental anguish, embarrassment and inconvenience.
    b. He has and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity.

## CAUSE OF ACTION
## COUNT ONE - ASSAULT

16. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 8 through 15 above as if more fully set forth herein at length.
17. Defendants intentionally created apprehension of imminent and offensive contact to the Plaintiff's person.
18. Plaintiff was aware of the assault and reasonably believed that the assault was imminent.

## CAUSE OF ACTION
## COUNT TWO - BATTERY

19. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 16 through 18 above as if more fully set forth herein at length.
20. Defendants intentionally made harmful and offensive contact with Plaintiff when they strip searched him without probable cause and in front of a nurse of the opposite sex.
21. Defendants required Plaintiff to life his scrotum and hold up his arms, bend down and part his buttock cheeks so they could look and feel inside his body.

## CAUSE OF ACTION
## COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff incorporates herein by reference hereto the allegations 19 through 21 above as if more fully set forth herein at length.
23. The Defendants intentionally committed the search of Plaintiff's person beyond the bounds of decency in a civilized society by conducting the search in front of a female nurse and without probable cause.
24. The Defendants were aware that Plaintiff was admitted as an inpatient for progressively worsening depression and neurovegetative symptoms and that he has been free of illicit substance use for 18 years.
25. The Defendants' action caused Plaintiff to suffer severe emotional distress.

## CAUSE OF ACTION
## COUNT FOUR – INVASION OF PRIVACY

26. Plaintiff incorporates herein by reference hereto the allegations 22 through 24 above as if more fully set forth herein at length.
27. The Defendants made an unreasonable intrusion of Plaintiff's person and personal effects.

28. Plaintiff was a patient at VA Hospital and is afforded a degree of privacy while recovering.
29. Plaintiff reasonably objected to the prying and search of his bed, other personal effects and person.

## CAUSE OF ACTION
## COUNT FIVE – FALSE IMPRISONMENT

30. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 26 through 29 above as if more fully set forth herein at length.
31. Defendants intentionally and wrongfully confined Plaintiff to the room in which the unreasonable search was conducted.
32. Plaintiff was aware of the confinement and was told to hold his arms up.
33. Plaintiff was not allowed to leave the room until the search was completed and the Defendants found no drugs on him or his personal effects.

## CAUSE OF ACTION
## COUNT SIX – NEGLIGENCE.

34. Plaintiff incorporates herein by reference hereto the allegations of paragraphs 30 through 33 above as if more fully set forth herein at length.
35. The Defendants were under a duty to protect Plaintiff from injury especially given that he was an inpatient for depression.
36. The Defendants breached that duty of care when they searched him in an open area and in front of a nurse of the opposite sex.
37. Plaintiff suffered severe emotional distress as a result of the Defendants' acts.
38. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless and reckless conduct of the Defendants, which consisted inter alia of the following particulars:
    a. Conducting a search of Plaintiff, Charles Johnson, Jr. without cause.
    b. Touching Plaintiff in an offensive and harmful manner.

    c. Causing Plaintiff to strip in an open area and in front of a female nurse.

    d. Searching Plaintiff's person for drugs

    e. Failing to maintain a medical treatment facility free from humiliation and embarrassment.

    f. Failing otherwise comply with the applicable laws and regulations of the District of Columbia and the applicable Federal laws and regulations.

    g. Otherwise failing to exercise the degree of care required under the circumstances; and

    h. Otherwise being negligent.

39. As a result of the aforesaid conduct and breach of care of the Defendants, VA Hospital and DOES 1-4, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

I have read this complaint and acknowledge that all of the information herein is true and correct to the best of my knowledge.

_[signature]_

Charles Johnson, Jr.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, VETERANS AFFAIRS MEDICAL CENTER – WASHINGTON, D.C. and DOES 1-4 ($900,000.00) together with interest and costs of the suit.

        Respectfully submitted,
        THE LAW OFFICE OF GLADYS M. WEATHERSPOON, LLC.

        */s/ Gladys M. Weatherspoon*

Gladys M. Weatherspoon
7829 Belle Point Drive
Greenbelt, Maryland 20770
(301) 474-4422 (ph)
(301) 576-5543 (fax)
DC Bar No.: 445617
gladys@weatherspoonfirm.com
Attorneys for Plaintiff