**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| CHARLES JOHNSON, JR., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-01384 (RC) |
| | : | | |
| v. | : | Re Document No.: | 10 |
| | : | | |
| VETERANS AFFAIRS MEDICAL | : | | |
| CENTER, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT VETERANS AFFAIRS MEDICAL CENTER'S
SECOND MOTION TO DISMISS**

**I.  INTRODUCTION**

Plaintiff Charles Johnson, Jr., has brought this action seeking damages from Defendant

Veterans Affairs Medical Center and four unknown individual defendants ("Does 1–4") for

claims arising from Mr. Johnson's inpatient treatment at the Medical Center. Mr. Johnson

initially brought common law tort claims against the defendants in the Superior Court of the

District of Columbia. But the Medical Center removed to this Court and has now moved to

dismiss Mr. Johnson's claims against the Medical Center on sovereign immunity grounds.

Because the Medical Center correctly argues that Mr. Johnson did not name the United States as

a defendant and that he has therefore failed to sue the only proper defendant in this action, the

Court will grant the Medical Center's motion and dismiss Mr. Johnson's claims against the

Medical Center.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Plaintiff Charles Johnson, Jr., was receiving inpatient care from Defendant Veterans Affairs Medical Center on November 13, 2011, when four Medical Center employees, the Defendants Does 1–4, searched his belongings and his person. Compl. ¶¶ 3, 9, 11–13, ECF No. 1-1. At the time, Mr. Johnson was receiving treatment for depression and neurovegetative symptoms, and he had not used illicit substances for eighteen years. Compl. ¶¶ 9–10. Suspecting that Mr. Johnson's visiting family members had brought him narcotics, the four Medical Center employees searched Mr. Johnson's bed, his personal effects, and his person. Compl. ¶¶ 11–13, 21; Opp'n Mot. Dismiss Exs. A–B, ECF No. 6-2. The employees conducting the search included one female nurse—a member of the opposite sex as compared to Mr. Johnson, who is male. Compl. ¶¶ 3, 13, 20. During the search of Mr. Johnson's person, the Medical Center employees made him hold up his arms, lift his scrotum, and bend down and part his buttock cheeks so that the employees could thoroughly search his body. Compl. ¶¶ 13, 21.

After the search, Mr. Johnson made several informal complaints to the Medical Center and also sent the Medical Center a letter through counsel, complaining about his treatment. Mem. P. & A. Supp. Pl.'s Opp. Mot. Dismiss ¶¶ 1–15, ECF No. 6-1. Unsatisfied with the Medical Center's perfunctory responses, Mr. Johnson filed suit against the Medical Center and its four unnamed employees ("Does 1–4") in the District of Columbia Superior Court on June 2, 2014. *See* Compl. Seeking damages, he charged the Medical Center with six common law tort violations arising from the search of his belongings and his person: assault, battery, intentional infliction of emotional distress, invasion of privacy, false imprisonment, and negligence. Compl. ¶¶ 16–39.

The Medical Center removed to this Court and filed an initial motion to dismiss Mr. Johnson's claims for failure to exhaust administrative remedies. *See* Notice of Removal, ECF No. 2; Mot. Dismiss, ECF No. 5. However, the Medical Center withdrew its first motion to dismiss, and now it has filed a second motion to dismiss—this time arguing that the Court lacks jurisdiction over Mr. Johnson's claims because sovereign immunity bars them. *See* Def.'s Second Mot. Dismiss, ECF No. 10; Mem. P. & A. Supp. Def.'s Second Mot. Dismiss, ECF No. 10-1.

The Medical Center argues that sovereign immunity bars Mr. Johnson's claims for three reasons:

(1) despite the Federal Tort Claims Act (FTCA)'s waiver of the federal government's sovereign immunity, federal *agencies* such as the Medical Center still enjoy sovereign immunity;

(2) the FTCA waives sovereign immunity only when the plaintiff's claims arise from the federal employees' acts within the scope of their employment, and there is no such allegation or determination here; and

(3) the FTCA does not waive sovereign immunity for Mr. Johnson's claims because they arise from intentional torts exempted from the FTCA waiver of sovereign immunity.

*See* Mem. P. & A. Supp. Def.'s Second Mot. Dismiss 4–7.[1]

---

[1] Although the Court does not reach the Medical Center's argument that Mr. Johnson's claims arise from intentional torts exempted from the FTCA waiver of sovereign immunity, the Court finds the Medical Center's discussion of the FTCA exceptions enumerated in 28 U.S.C. § 2680(h) incomplete. *See* Mem. P. & A. Supp. Def.'s Second Mot. Dismiss 6–7. Notably, the Medical Center does not address the impact of 38 U.S.C. § 7316(f). *See Levin v. United States*, 133 S. Ct. 1224, 1234 (2013) (stating that 38 U.S.C. § 7316(f) expresses "Congress' intent to abrogate § 2680(h)" in suits against the Department of Veterans Affairs); *Ingram v. Faruque*, 728 F.3d 1239, 1246 (10th Cir. 2013) ("'§ 2680(h) does not bar application of the FTCA to [intentional] tort claims arising out of the conduct of VA medical personnel within the scope of'

Because the Court agrees with the Medical Center's first argument, the Court need not address the Medical Center's second and third arguments to dismiss Mr. Johnson's claims. But the Court sua sponte grants Mr. Johnson leave to amend his Complaint to substitute the United States as the appropriate defendant under the FTCA and to properly allege whether he believes the Medical Center employees were acting within or outside the scope of their employment, along with the facts supporting such belief.

### III.  STANDARD OF REVIEW

The Medical Center has moved to dismiss the Complaint for lack of subject-matter jurisdiction, citing Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Mem. P. & A. Supp. Def.'s Second Mot. Dismiss 4. Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, to survive a Rule 12(b)(1) motion to dismiss, a plaintiff bears the burden of establishing that a court has jurisdiction over his claim.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998) (standing and Article III jurisdiction); *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007) (subject-matter jurisdiction). To determine whether jurisdiction exists, a court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003).

"If sovereign immunity has not been waived, a claim is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction." *Clayton v. District of Columbia*, 931 F. Supp. 2d

---

38 U.S.C. § 7316(f)." (alteration in original) (quoting *Franklin v. United States*, 992 F.2d 1492, 1502 (10th Cir. 1993)).

192, 200 (D.D.C. 2013) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity

is jurisdictional in nature.")). Courts "may not find a waiver unless Congress' intent is

'unequivocally expressed' in the relevant statute." *Hubbard v. Adm'r, EPA*, 982 F.2d 531, 532

(D.C. Cir. 1992) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

The Medical Center has also moved to dismiss the Complaint for failure to state a claim

upon which relief can be granted, citing Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*See* Mem. P. & A. Supp. Def.'s Second Mot. Dismiss 4. The Federal Rules of Civil Procedure

require that a complaint contain "a short and plain statement of the claim" to give the defendant

fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord*

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Unlike the standard of review for a

motion under Rule 12(b)(1), a court considering a motion under Rule 12(b)(6) presumes that the

complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See,*

*e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

But the Medical Center's motion is properly adjudicated as a Rule 12(b)(1) motion to

dismiss for lack of subject-matter jurisdiction, not a Rule 12(b)(6) motion to dismiss for failure

to state a claim. All three of the Medical Center's arguments allege that sovereign immunity bars

Mr. Johnson's claims. *See* Mem. P. & A. Supp. Def.'s Second Mot. Dismiss 4–7. Because

sovereign immunity is a jurisdictional issue, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), the Court

must rule on all of the Medical Center's arguments using the Rule 12(b)(1) standard of review,

not the Rule 12(b)(6) standard of review. *See Kelley v. FBI*, 67 F. Supp. 3d 240, 255 (D.D.C.

2014) (explaining that, when considering a Rule 12(b)(1) motion to dismiss for lack of

jurisdiction, as opposed to a Rule 12(b)(6) motion, a court "is not limited to the allegations of the

complaint" (quoting *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on*

*other grounds*, 482 U.S. 64 (1987)); *see also CNA v. United States*, 535 F.3d 132, 144–45 (3d

Cir. 2008) (adopting the Rule 12(b)(1) standard of review in an FTCA sovereign immunity case,

even when adjudicating jurisdictional facts intertwined with the merits). Thus, the burden falls

on Plaintiff Mr. Johnson to prove, in response to the Medical Center's contentions, that the

government has waived its sovereign immunity. *See Tri-State Hosp. Supply Corp. v. United

States*, 341 F.3d 571, 575 (D.C. Cir. 2003) (placing the burden to prove waiver on the party

bringing suit). He may not merely rest on the factual allegations made in his Complaint.

### IV.  ANALYSIS

The Federal Tort Claims Act (FTCA) is a limited waiver of sovereign immunity that

makes the federal government liable to the same extent as a private individual for certain torts of

federal employees acting within the scope of their employment. 28 U.S.C. §§ 1346, 2674; *United

States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA provides the *exclusive* remedy "[w]here

a plaintiff seeks monetary damages against a federal agency for torts committed by federal

employees." *Lempert v. Rice*, 956 F. Supp. 2d 17, 28 (D.D.C. 2013) (alteration in original)

(quoting *Jones v. United States*, 949 F. Supp. 2d 50, 53 (D.D.C. 2013)); *see* 28 U.S.C.

§ 2679(b)(1) (declaring the FTCA remedy "exclusive of any other civil action or proceeding for

money damages"). Congress has also specified that the FTCA remedy is the exclusive remedy

for suits, like this one, arising from the alleged malpractice or negligence of Veterans Health

Administration[2] employees exercising duties in or for the Administration. *See* 38 U.S.C.

§ 7316(a)(1).

---

[2] The Veterans Health Administration is a subdivision of the United States Department of Veterans Affairs. *See* 38 U.S.C. § 301(c)(2).

The Administration in turn operates medical centers throughout the United States, including the Veterans Affairs Medical Center in Washington, D.C., which is a party to this case.

Here, Mr. Johnson has sued the Medical Center and four unnamed Medical Center

employees for torts arising out of actions taken by the employees during his inpatient treatment

at the Medical Center. The Medical Center and its employees are agencies of the United States

and subject to oversight by the Veterans Health Administration. *See Peacock v. United States*,

597 F.3d 654, 659–60 (5th Cir. 2010) (finding a doctor employed by a Veterans Affairs hospital

to be a United States employee for FTCA purposes); *Our History*, Washington DC VA Medical

Center, http://www.washingtondc.va.gov/about/history.asp (last visited Sept. 25, 2015)

(affiliating the Medical Center with the Veterans Health Administration and the U.S. Department

of Veterans Affairs). Thus, assuming that the Medical Center employees were acting within the

scope of their employment,[3] the FTCA provides Mr. Johnson's only possible avenue for relief

against the Medical Center.

---

*See Locations—District of Columbia*, U.S. Dep't of Veterans Affairs, http://www.va.gov/
directory/guide/state.asp?dnum=ALL&STATE=DC#div1 (last visited Sept. 25, 2015) (listing
"Washington DC VA Medical Center" as a Veterans Health Administration facility); *Veterans
Health Administration—About VHA*, U.S. Dep't of Veterans Affairs, http://www.va.gov/health/
aboutVHA.asp (last visited Sept. 25, 2015) ("The Veterans Health Administration is home to the
United States' largest integrated health care system consisting of 150 medical centers, nearly
1,400 community-based outpatient clinics, community living centers, Vet Centers and
Domiciliaries.").

[3] Without deciding the issue, the Court assumes for purposes of this analysis that the four
Medical Center employees were acting within the scope of their employment.

Mr. Johnson's claims against *the Medical Center* must be dismissed regardless of
whether the four Medical Center employees were acting within the scope of their employment. If
the employees were acting *within* the scope of their employment, then the FTCA covers their
actions and requires Mr. Johnson to sue the proper defendant (the United States). Because Mr.
Johnson did not, his claims against the Medical Center fail, as discussed later in this opinion.

On the other hand, if the four Medical Center employees were acting *outside* the scope of
their employment, the FTCA waiver of sovereign immunity would not reach their actions, and
the United States would not be liable. *See Russell v. Dupree*, 844 F. Supp. 2d 46, 52 (D.D.C.
2012) (citing *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)) ("To show that the government has
waived its sovereign immunity under the FTCA, plaintiff must show . . . that the employee was
acting within his scope of employment at the time of the injurious act."). Likewise, the Medical
Center would not be liable because it is an agency of the federal government and, as such, it

To establish the FTCA waiver of sovereign immunity, the plaintiff must show that his

claim is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of
> property, or personal injury or death [4] caused by the negligent or wrongful act
> or omission of any employee of the Government [5] while acting within the scope
> of his office or employment, [6] under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with the law of the
> place where the act or omission occurred.

---

enjoys sovereign immunity when no waiver of sovereign immunity exists. *FDIC v. Meyer*, 510
U.S. at 474 ("Absent a waiver, sovereign immunity shields the Federal Government and its
agencies from suit."). So, Mr. Johnson's claims against the Medical Center must be dismissed,
regardless of whether the four employees acted within or outside the scope of their employment.

However, the legal sufficiency of Mr. Johnson's claims against *the individual Medical
Center employees* ("Does 1–4") could depend on whether their actions were within the scope of
their employment. If the Medical Center employees were acting *within* the scope of their
employment, the FTCA would require Mr. Johnson to sue the United States, not the individuals.
*See Welsh v. Hagler*, No. 14-0153, 2015 WL 1244095, at *7 (D.D.C. Mar. 18, 2015) ("Under the
FTCA, 'the United States is the only proper party defendant.'" (quoting *Cureton v. U.S. Marshal
Serv.*, 322 F. Supp. 2d 23, 25 n.4 (D.D.C. 2004))). His claims against the individual employees,
like his claims against the Medical Center, would fail on this ground.

But if the employees were found to be acting *outside* the scope of their employment
during their search of Mr. Johnson and his belongings, the employees might be liable in their
individual capacities. *See, e.g.*, *Majano v. United States*, 469 F.3d 138, 139 (D.C. Cir. 2006)
(illustrating that, in a suit seeking relief against a federal employee rather than the federal
government, the plaintiff's "sole hope of success" required showing that the employee's assault
was *not* within the scope of her employment, so that the FTCA would not render the employee
herself immune from suit). If the Medical Center employees were acting outside the scope of
their employment, Mr. Johnson's claims against the individual employees might be justiciable—
although, as the Medical Center points out, such claims may be untimely under District of
Columbia law. *See* Mem. P. & A. Supp. Def.'s Second Mot. Dismiss 8. Nonetheless, the
government's motion to dismiss does not seek dismissal of Mr. Johnson's claims against the four
employees.

Regardless, if the unnamed defendants are sued in their individual capacities, they must
be served in their individual capacities under Federal Rule of Civil Procedure 4(e). *Coulibaly v.
Kerry*, No. 14-0712, 2015 WL 5387422, at *7 (D.D.C. Sept. 11, 2015) (citing *Simpkins v. D.C.
Gov't*, 108 F.3d 355, 359 (D.C. Cir. 1997)) ("A federal official sued in his personal capacity
must be personally served in accordance with Federal Rule of Civil Procedure 4(e)."). Until that
occurs, these defendants are not properly before the Court.

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (alterations in original) (quoting 28 U.S.C. § 1346(b)).

For an FTCA claim to be actionable, it must prove all six elements. *Id.*

The first element—that the FTCA claim must be against the United States—is not a
trifling matter: in this case, its absence compels dismissal of Mr. Johnson's claims against the
Medical Center. FTCA suits "must name the United States as defendant." *Goddard v. D.C.
Redevelopment Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961). Even if a federal agency
may sue and be sued in its own name, FTCA claims against that federal agency are barred. 28
U.S.C. § 2679(a). In sum, "[u]nder the FTCA, the United States is the only proper party
defendant." *Welsh v. Hagler*, No. 14-0153, 2015 WL 1244095, at *7 (D.D.C. Mar. 18, 2015)
(quoting *Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 25 n.4 (D.D.C. 2004)). Failure to
name the United States as the defendant in an FTCA action requires dismissal for lack of subject-
matter jurisdiction. *See, e.g.*, *Kissi v. Simmons*, No. 09-1377, 2009 WL 3429567, at *1 (D.D.C.
Oct. 22, 2009); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990).

In this case, Mr. Johnson has failed to name the United States as a defendant. For that
reason, his claims must be dismissed for failure to establish a waiver of sovereign immunity
under the FTCA. The Court grants the Medical Center's motion to dismiss on these grounds,
without reaching the Medical Center's other arguments. However, as previously stated, the Court
sua sponte grants Mr. Johnson leave to amend his Complaint to substitute the United States as
the appropriate defendant under the FTCA and to properly allege whether he believes the
Medical Center employees were acting within or outside the scope of their employment, along
with the facts supporting such belief.

## V.  CONCLUSION

For the foregoing reasons, the Medical Center's second motion to dismiss (ECF No. 10) is **GRANTED**. As a result, Mr. Johnson's claims against Defendant Veterans Affairs Medical Center are dismissed. Mr. Johnson may, however, file an amended complaint under Federal Rule of Civil Procedure 15(a) as set forth above. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 28, 2015                                             RUDOLPH CONTRERAS
                                                                                      United States District Judge